The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, Arkansas 72958
Dear Representative Ammons:
This is in response to your request for an opinion on certain questions relating to retirement benefits provided by the City of Waldron.
Your first two questions relate to retirement benefits for police officers. You indicate that the City collects the $3.00 penalty provided for by A.C.A. § 27-50-401 (Repl. 1994) and deposits the proceeds in the City's general fund as contemplated by A.C.A. § 27-50-405 (Repl. 1994), but is unable to apply the penalty strictly in accordance with the provisions of A.C.A. § 27-50-404 (Repl. 1994) due to the fact that the City does not provide police retirement coverage from a policemen's pension and relief fund or under the Arkansas Local Police and Fire Retirement System, but rather under "an independent city-wide retirement plan which also covers the policemen. . . ." You indicate that you understand the collection of this penalty to be mandatory. Your questions (paraphrased slightly) are as follows:
 Is it proper to pay the penalty collected under A.C.A. § 27-50-401, et seq., from the city general fund to the city-wide retirement fund? If not, what would be the proper use/disposition for such funds under these facts?
In my opinion, the answer to your question is "no" because the City is neither required nor permitted to collect the penalty provided for by A.C.A. § 27-50-401. Arkansas Code Annotated § 27-50-403 provides as follows:
 The penalties as provided in § 27-50-401, and the collection thereof, shall only apply to those cities of the first and second class that provide retirement coverage to certified police personnel under provisions of Arkansas law establishing the policemen's pension and relief fund, and those cities which have adopted coverage for certified police personnel under the Arkansas Local Police and Fire Retirement System, since July 1, 1981.
Because, as you indicate, retirement benefits for the City's policemen are payable from neither a policemen's pension and relief fund (seegenerally A.C.A. §§ 24-11-101, et seq.) nor the Arkansas Local Police and Fire Retirement System (see generally A.C.A. §§ 24-10-101, et seq.), A.C.A. § 27-50-401 is inapplicable to the City and the penalty contemplated thereby may not be collected by the City.
Your third, fourth, and fifth questions relate to retirement benefits for the City's judge and clerk. You indicate that the City collects certain court costs to fund its Judge and Clerk Retirement Fund, but that there are no eligible participants whose retirement benefits will be payable from that Fund, the current municipal judge and clerk having "opted out" of the Fund in favor of participation in the Arkansas Public Employees Retirement System. You also state that "[i]t appears that APERS will not allow the funds to be transferred out of the Fund in order to close same out." Your questions are as follows:
 Is the city required to continue to collect the fee to fund the Judge and Clerk Retirement Fund, from the city and county cases, which amounts to $1.00 per case?
 What does the city need to do with the monies which have already been collected as there are no participants in the Fund? Can these proceeds be placed into another account, e.g., refunded to city and county?
With respect to these questions, I assume the City's Judge and Clerk Retirement Fund has been created under and is governed by A.C.A. §§24-8-301, et seq. (Repl. 1992 and Supp. 1993).
The above questions have been recently answered in Op. Att'y Gen.94-350, a copy of which I enclose for your information. In short, the City must, under A.C.A. § 24-8-303(a) (Repl. 1992), continue to collect the fee. The City also must, under A.C.A. § 24-8-303(c) (Repl. 1992), continue to maintain the proceeds thereof as a separate fund. Finally, the City is prohibited under A.C.A. § 24-8-303(c) from using such funds for any purpose other than the payment of retirement benefits accruing under A.C.A. §§ 24-8-301, et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh